UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

OLGA TABARES,

    Plaintiff,

vs.

EL TORO LOCO CHURRASCARIA, LLC,

    Defendants.
_____/

**COMPLAINT**

The Plaintiff, OLGA TABARES (hereafter "Plaintiff"), by and through the undersigned counsel, hereby brings suit against Defendant, EL TORO LOCO CHURRASCARIA, LLC (hereafter "Defendant"), and in support thereof alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action by the Plaintiff for damages exceeding $75,000 excluding attorneys' fees or costs for damages pursuant to the American with Disabilities Act and the FLSA to readdress injuries resulting from Defendant's disability based discriminatory treatment of and retaliation against Plaintiff.

2. Plaintiff was an employee of Defendant.

3. Defendant was a "person" and/or an "employer" pursuant to the ADA, since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the ADA.

4. At all times material hereto, Plaintiff was an "employee" within the meaning the ADA

5. Venue is proper in Miami Dade County because all of the actions complained of herein occurred within the jurisdiction of Miami Dade County.

6. Plaintiff is and continues to be, a resident of Miami Dade County, Florida.

7. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages.

8. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff is a disabled female within a class of individuals protected by the ADA and Plaintiff's disability was known to all those who discriminated against her.

10. Plaintiff commenced employment with Defendant at EL TORO LOCO CHURRASCARIA, LLC on September 2, 2021 as a bartender.

11. On December 20, 2021, Plaintiff was not feeling well, and she told her manager, Mr. Juaco Moncillo.

12. Plaintiff subsequently developed Covid 19.

13. Her Covid 19 symptoms become more acute and aggressive due to her disability of Lupus.

14. Lupus is an autoimmune disorder that causes Plaintiff's immune system to not work properly and attacks her own body.

15. The Lupus and the Covid 19 together caused her extreme back pain, respiratory constraints, and the inability to eat as she was having stomach issues and kept vomiting her food.

16. Plaintiff was limited in the major life activities of walking, breathing, eating, and regulating her immune system.

17. Plaintiff On December 22, 2021 asked her immediate supervisor Mr. Joaquin Micillo for time off to include the end of the current week and the next as she was feeling sick and inflammation due to the Lupus.

18. Plaintiff went and got a covid test and tested positive on December 24 2021.

19. She promptly informed her supervisor of the positive test.

20. Plaintiff went to the hospital twice while she was positive with Covid 19 to treat symptoms.

21. Plaintiff was called by her supervisor on January 1, 2022 and told that she was terminated from her employment due to her missing work.

22. Plaintiff contacted Defendant on January 2, 2022 in order to receive her outstanding due paychecks for time worked that she was not paid due to her having taken time off to deal with her Lupus and Covid 19

23. Plaintiff was told she could not have her paychecks unless she signed a resignation letter which she did on January 3, 2022 as she was without funds and needed the money owed to her to feed herself.

24. Prior to signing the resignation letter Plaintiff had informed Mr. Juaco Moncillo that if she did not receive those checks, she would be unable to pay for her bills such as for food, and it was only after that statement that she was told she would receive her checks if she signed a resignation letter.

25. All administrative prerequisites have been completed as a right to sue letter was issued by the EEOC on October 26, 2022

## COUNT III
### *Disability Discrimination in Violation of the ADA*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this Complaint as if set out in full herein.

27. Plaintiff is a member of a protected class under the ADA.

28. By Defendant's conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and chronic conditions and subjected the Plaintiff to animosity based on his disability and chronic conditions.

29. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

30. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his disability was unlawful but acted in reckless disregard of the law.

31. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

32. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

33. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

34. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

35. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

36. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

E. Defendant, or in lieu of reinstatement, award front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV

### *Failure to Accommodate in Violation of the ADA.*

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

38. Plaintiff is a member of a protected class under the ADA.

39. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

40. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

41. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and their supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

42. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

43. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

44. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

45. The conduct of Defendants, by and through the conduct of their agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

46. The actions of the Defendants and/or their agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

47. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants have violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *FLSA Retaliation*
### *Plead In the Alternative*

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this complaint as if set out in full herein.

49. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

50. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

51. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaints regarding unpaid wages.

52. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental

anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated:   1/9/23                                  Respectfully submitted,


/s/     Elvis J. Adan    _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000